IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damon Anthony Paul a/k/a Paul Wall a/k/a Tony Paul, | ) ) ) | C/A No.: 1:26-1076-RMG-SVH |
| Plaintiff, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, | ) ) ) | |
| Defendant. | ) ) ) | |

Damon Anthony Paul ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by the South Carolina Department of Corrections ("SCDC" or "Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.     Factual and Procedural Background

Plaintiff alleges he was stabbed in his left arm and had to wait two to three hours before he was provided assistance or medical care. [ECF No. 1 at 4]. He alleges he had to tie his arm off with his shirt. He claims he was kicking his door for hours before a correctional officer arrived and transported him to the infirmary and then to the emergency room. He seeks actual damages of

$25,000 for his medical bills and $275,000 in punitive damages. [ECF No. 1 at 6].

On March 16, 2026, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until April 6, 2026, to file an amended complaint. [ECF Nos. 6, 8]. Plaintiff filed no response to the orders but filed a motion to appoint counsel. [ECF No. 10]. The undersigned denied the appointment of counsel, but permitted Plaintiff until May 1, 2026 to bring this case into proper form and mailed him another copy of the Order and Notice. [ECF No. 12, 13]. Plaintiff filed no responses.

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

3

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Failure to Protect

To establish a claim for failure to protect, an inmate must show: (1) a "serious or significant physical or emotional injury" and (2) that prison officials exhibited deliberate indifference to inmate health and safety. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious . . . risk of harm." *Id.* "[T]he official must be both aware of facts from which the inference could be drawn that a possibility of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Here, Plaintiff has provided no information that any employee of defendant was aware of any risk of harm to him prior to the assault. Therefore, Plaintiff has failed to state a claim for failure to protect him from the assault.

2.    Only Persons May Be Sued Pursuant to § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42

U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Here, SCDC does not qualify as a "person" subject to suit under § 1983. Further, Plaintiff does not provide any allegations showing that a person was responsible for the delay in medical treatment. Accordingly, Plaintiff's complaint is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be dismissed without further leave for amendment.

IT IS SO RECOMMENDED.

May 11, 2026                              Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).